UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAUNDRA REESE,

                Plaintiff,

    -v-

FEDEX TRADE NETWORKS TRANSPORT
& BROKERAGE, INC.,[1]

                Defendant.

19-CV-01698-LJV-MJR
REPORT, RECOMMENDATION,
AND ORDER

---

This matter has been referred to the undersigned by Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1). (Dkt. No. 7). Before the Court is the motion of *pro se* Plaintiff Saundra Reese to amend her complaint. (Dkt. No. 12). In addition to seeking to add allegations supporting her original claims of sexual harassment, gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), Plaintiff also seeks to amend her complaint to add a second retaliation claim under Title VII (Count IV), as well as a race discrimination claim (Plaintiff is African-American) under Title VII (Count V), neither of which were raised in the original pleading.[2] Defendant FedEx Trade Networks Transport & Brokerage, Inc. ("FedEx"), Plaintiff's employer, opposes the addition of Counts IV and V.

---

[1] Defendant FedEx Trade Networks Transport & Brokerage, Inc. is incorrectly named in the complaint as FedEx Trade Networks. The Clerk of Court shall amend the docket sheet accordingly.

[2] The Court notes that while Plaintiff checked the "Race" discrimination box on her original form complaint (Dkt. No. 1 at ¶14), the complaint contains no factual allegations regarding race discrimination.

For the reasons stated below, the Court recommends that Plaintiff's attempt to add Counts IV and V be denied on futility grounds, and that Plaintiff's motion to amend the complaint be granted in all other respects.[3]

## DISCUSSION[4]

*Rule 15*

Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint only by leave of Court after a responsive pleading has been served, and such leave shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a). Despite this lenient standard, however, courts will deny a request for leave to amend the complaint if the proposed amendment would be futile. *Berlin v. Jetblue Airways Corp.*, 18-CV-1545, 2020 WL 502629, at *4-5 (E.D.N.Y. Jan. 30, 2020) (denying *pro se* litigant leave to amend because proposed amendments would be futile); *Biccum v. City of Watertown, New York*, 7:16-CV-645, 2019 WL 4752927, at *6 (N.D.N.Y. Sept. 30, 2019) ("when leave to amend would be futile, courts may properly deny the party's motion to amend"); *Borski v. Staten Island Rapid Transit*, 413 Fed. Appx. 409, 411 (2d Cir. 2011)

---

[3] The proper classification of a motion to amend the complaint as either dispositive or non-dispositive is not settled within the Second Circuit. *See Louis v. Metro. Transit Auth.*, 12-CV-6333, 2014 U.S. Dist. LEXIS 147417, at *2 (E.D.N.Y. Oct. 16, 2014) (noting that the Second Circuit has referred to a motion to amend as a non-dispositive matter, but has not explicitly decided the issue, and that district courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive); *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 297 (E.D.N.Y. 2013) (noting that authority is divided about whether a motion to amend a complaint is a dispositive or non-dispositive matter and declining to take a position where court would adopt the R & R under either standard); *Dollar Phone Corp. v. St. Paul Fire*, 09-CV-1640, 2011 WL 837793, at *1 (E.D.N.Y. Mar. 4, 2011) ("The proper standard of review to apply to objections to a magistrate's order denying leave to amend is not clearly settled in this Circuit."). *See Zink v. First Niagara Bank, N.A.*, 13-CV-1076-A, 2015 WL 423221, *1 n.2 (W.D.N.Y. 2015) ("[d]istrict courts in this circuit have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive.") (internal quotations and citation omitted). Accordingly, in an abundance of caution, because the Court is denying in part the Plaintiff's motion to amend, the Court has treated the motion as dispositive.

[4] The Court assumes familiarity with the background and facts in this case.

("One good reason to deny leave to amend is when such leave would be futile.") (*citing Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)); *Emmerling v. Town of Richmond*, 434 Fed. Appx. 10, 12 (2d Cir. 2011); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend may be denied as futile when any newly asserted claims would not withstand a motion to dismiss. *See Berlin*, 2020 WL 502629, at *5 ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure."). "Thus, the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *Id.* (*quoting IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland Group, PLC*, 783 F.3d 383, 386 (2d Cir. 2015)).

*Failure to Exhaust Administrative Remedies regarding Count IV*

In Count IV of the proposed amended complaint, plaintiff alleges that her supervisors somehow retaliated against her in or around May 2009 after TSA investigators took her into custody and interrogated her about previous false statements she allegedly made to investigators. *See* Proposed Am. Compl. ¶¶ 73-84 (Dkt. No. 12-1). To the extent such allegations are related to an unlawful employment practice, Plaintiff was required to file a complaint with the EEOC and obtain a right-to-sue letter prior to initiating this action in federal court. *See* 42 U.S.C. §§2000e-5(e) and (f). Plaintiff fails to allege, however, that she filed such an EEOC complaint asserting this

allegation and received a right-to-sue letter from the EEOC.[5] Plaintiff's proposed retaliation claim in Count IV would therefore be futile on the ground that she failed to exhaust her administrative remedies. *See Grey v. Promenade Rehab. & Care Ctr.*, 145 Fed. Appx. 705 (2d Cir. 2005) (affirming district court's dismissal of *pro se* complaint for failure to obtain right-to-sue letter prior to filing suit); *Bernardo v. Am. Idol Prods., Inc.*, 10 Civ. 6487, 2010 WL 4968177, at *2 (S.D.N.Y. Dec. 6, 2010) (holding that the exhaustion requirement "applies with equal force to *pro se* litigants"); *Jones v. DaimlerChrysler Corp.*, 5:05-CV-1006, 2007 WL 2454209, at *2 (N.D.N.Y. Aug. 22, 2007) ("A prospective Title VII plaintiff must...receive a right to sue letter before filing suit.").

The Court therefore recommends that Plaintiff's motion for leave to amend her complaint to add this claim be denied.

*Count IV Is Otherwise Time-Barred*

Plaintiff's attempt to add Count IV must also be denied as futile because it is time barred. A claimant must file a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice..." 42 U.S.C. § 2000e-5(e); *Muhammad v. New York City Transit Auth.*, 450 F. Supp.2d 198, 205 (E.D.N.Y. 2006) ("A timely complaint with the EEOC is...a precondition to filing a Title VII claim in federal court."); *see also Affrunti v. Long Island Univ.*, 136 Fed. Appx. 402, 403 (2d Cir. 2005).

---

[5] The Court notes that Plaintiff filed an EEOC complaint against FedEx in 2015 charging race discrimination and retaliation. She was issued a right-to-sue letter on October 18, 2016. (Dkt. No. 16, Exh. A, Dkt. No. 13-2). However, this alleged incident involving the TSA was not mentioned in that complaint.

Plaintiff alleges that the events supporting her retaliation claim in Count IV occurred in or around May 2009, approximately 11 years ago. *See* Proposed Am. Compl. ¶¶ 73-84 (Dkt. No. 12-1). To the extent such allegations involve an "unlawful employment practice," it is well beyond 300 days after the allegedly unlawful retaliation occurred (indeed, over a decade later), and such amendment would be untimely and therefore futile. Thus, Plaintiff's proposed Count IV is time-barred and her motion for leave to amend her complaint to add this claim should be denied for this additional reason.

*Failure to Exhaust Administrative Remedies regarding Count V*

In support of her new racial discrimination claim in Count V, Plaintiff alleges that from August 2018 to October 2019, FedEx discriminated against her based on her race by denying her certain company awards even though her performance was superior to that of less-productive white employees who received such awards. Proposed Am. Compl. ¶¶ 45-46 (Dkt. No. 12-1). As stated above, before Plaintiff can bring such a claim in this Court, she was required to file a complaint with the EEOC asserting such a claim and obtain a right-to-sue letter. Plaintiff fails to allege, however, that she filed such an EEOC complaint and that she received a right-to-sue letter from the EEOC.[6]

---

[6] The Court notes that Plaintiff filed an EEOC complaint on or about February 21, 2019 and received a right-to-sue letter on or about September 26, 2019. Her EEOC complaint, however, did not include her current factual allegation regarding denial of awards, nor did it include any other factual allegations related to race discrimination. (Dkt. No. 16, Exh. F). All factual allegations in the February 2019 complaint dealt with charges of sex discrimination and sexual harassment. Thus, she failed to exhaust her administrative remedies with regards to her current race discrimination claim. *See Little v. N.B.C., Inc.*, 210 F. Supp. 2d 330, 375 (S.D.N.Y. 2002) (race discrimination claims not properly exhausted because administrative charge did not include description of racial harassment or racial discrimination, or even mention race at all); *Aguirre v. N.Y. State Police*, 156 F. Supp. 2d 305 (S.D.N.Y. 2001) (dismissing retaliation claim for jurisdictional defect where plaintiff did not include retaliation claim in his EEOC complaint"); *Carter v. New Venture Gear, Inc.*, 310 F. App'x 454, 458 (2d Cir. 2009) (affirming dismissal of gender discrimination claim where EEOC complaint alleged only race discrimination); *Ford v. N.Y.C.*

Plaintiff's proposed race discrimination claim in Count V would therefore be futile on the ground that she failed to exhaust her administrative remedies.[7] Thus, the Court recommends that Plaintiff's motion to add Count V be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's motion to amend her complaint to add Counts IV and V be denied, but be granted in all other respects.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

---

*Dep't of Health & Mental Hygiene*, 545 F. Supp. 2d 377, 391 (S.D.N.Y. 2008) (dismissing race discrimination claim that bore "no factual relation to [the] allegations" in the EEOC complaint, which only alleged that plaintiff was unlawfully discharged and discriminated against because of her sex, religion and perceived disability."), *aff'd* 352 Fed. App'x 471 (2d Cir. 2009).

[7] As stated above, Plaintiff filed an EEOC complaint against FedEx in 2015 charging race discrimination and retaliation. She was issued a right-to-sue letter on October 18, 2016. (Dkt. No. 16, Exh. A, Dkt. No. 13-2). However, Plaintiff did not file a federal Title VII action within 90 days of the receipt of the right-to-sue letter. Thus, any attempt to assert the same race discrimination claims in this case would be time-barred. *Brown v. The Research Found. of SUNY*, 08-CV-592, 2009 WL 1504745, at *7 (N.D.N.Y. May 28, 2009) ("[W]here the EEOC charge results in the issuance of a right-to-sue notice, the plaintiff must file the [Title VII] suit within 90 days of receipt of the notice."); *see also Zerilli-Edelglass v. New York Transit Auth.*, 333 F.3d 74, 77 (2d Cir. 2003); *Smith v. Long Island Univ.*, 03 CV 2991, 2007 WL1541299, at *5 (E.D.N.Y. May 25, 2007) ("[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") (quoting *AMTRAK v. Morgan*, 536 U.S. 101, 108 (2002)).

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." *Failure to comply with these provisions may result in the District Court's refusal to consider the objection.*

**SO ORDERED.**

Dated:   October 27, 2020
         Buffalo, New York

*[signature]*
MICHAEL J. ROEMER
United States Magistrate Judge